UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARKS, | No.  2:14-cv-00665-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, a New York corporation, | |
| Defendant. | |

This matter is before the Court on Defendant United States Life Insurance Company in the City of New York's ("U.S. Life") Motion to Dismiss (Doc. #5) Plaintiff Steven Mark's ("Plaintiff") Complaint (Doc. #1-1).[1]  Plaintiff opposed the motion ("Opposition") (Doc. #7), and U.S. Life filed a reply (Doc. #8).

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Complaint alleges two causes of action: (1) Breach of Contract and (2) Breach of the Duty of Good Faith and Fair

_____

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 4, 2014.

1  Dealing.  Plaintiff filed the Complaint in the Sacramento County

2  Superior Court, and U.S. Life removed it to this Court.

3       In 2011, Plaintiff entered into a "Hospital Accident

4  Indemnity Insurance Policy" ("the Policy") (Comp. Exh. 1) with

5  U.S. Life.  In 2012, Plaintiff was hospitalized as the result of

6  two strokes.  He submitted a claim to U.S. Life for benefits

7  under the Policy as a result of the hospitalization.  U.S. Life

8  denied coverage.

9

10                      II.   OPINION

11      A.   Discussion

12      U.S. Life contends the Complaint should be dismissed because

13  the clear language of the Policy demonstrates that Plaintiff's

14  hospitalization was not covered by its terms.  MTD at 3-4.

15  Therefore, U.S. Life argues, there was no breach of the agreement

16  or of the duty of good faith and fair dealing.

17           1.   Breach of Contract

18      The elements of a breach of contract are "(1) the existence

19  of the contract, (2) plaintiff's performance or excuse for

20  nonperformance, (3) defendant's breach, and (4) the resulting

21  damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 51

22  Cal. 4th 811, 821 (2011).  The issue here is whether U.S. Life's

23  refusal to cover Plaintiff's hospitalization constituted a breach

24  of the Policy.  Each party offers their own interpretation of the

25  Policy's coverage provisions.

26      Interpretation of an insurance policy is a question of law.

27  Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995).  "The

28  rules governing policy interpretation require [the Court] to look

2

1   first to the language of the contract in order to ascertain its

2   plain meaning or the meaning a layperson would ordinarily attach

3   to it." Id. (citing Cal. Civ. Code § 1638).

4        The Policy states that U.S. Life will pay benefits if "an

5   insured person visits or is confined to a hospital due to an

6   injury caused by an accident."  The Policy specifically defines

7   "accident" as a "sudden, unforeseen and unexpected event that

8   occurs without the intent of the Insured Person."  It further

9   defines "injury" as "bodily harm or damage due to an accident

10  that is not contributed to by disease, illness, infection, bodily

11  infirmity or any other abnormal physical condition."

12       U.S. Life contends the strokes that caused Plaintiff to be

13  hospitalized did not constitute "an injury caused by an accident"

14  as understood by the clear language of the Policy.  MTD at pp. 4-

15  6.  U.S. Life argues a stroke is by definition bodily harm that

16  **is** contributed to by "disease, illness, infection, bodily

17  infirmity, or any other abnormal physical condition."

18       In his Opposition, Plaintiff cites a series of cases

19  involving interpretation of the word "accident."[2]  Opp. at pp. 5-

20  11.  Many courts have dealt with defining "accident" for the

21  purposes of determining the extent of insurance coverage.  See

22  Khatchatrian v. Cont'l Cas. Co., 332 F.3d 1227, 1228-29 (9th Cir.

23  2003); Sawyer v. Hartford Life & Acc. Ins. Co., 10-CV-1293-MMA

24  BLM, 2012 WL 353775 (S.D. Cal. 2012); Schar v. Hartford Life Ins.

25

26  [2] Plaintiff has attached three exhibits (Doc. #7-1) to his
    Opposition in support of his position.  As pointed out by U.S.

27  Life, the Court cannot consider those documents when ruling on
    this Motion to Dismiss.  See Schneider v. California Dep't of

28  Corr., 151 F.3d 1194, 1197 (9th Cir. 1998).

1  Co., 242 F. Supp. 2d 708, 715-16 (N.D. Cal. 2003).  The Ninth

2  Circuit has found that, generally, there must be some sort of

3  external event causing injury in order to meet the definition of

4  accident.  Khatchatrian, at 1228-29.  Plaintiff's response to

5  U.S. Life's discussion of Khatchatrian is that it is not binding

6  precedent.  Opp. at p. 13.

7      Plaintiff contends that this Court should find, instead,

8  that the California Supreme Court decision in Geddes & Smith,

9  Inc. v. St. Paul-Mercury Indemnity Company, 51 Cal. 2d 558, 566

10 (1959) ("Geddes"), is binding on a federal court applying

11 California law.  Plaintiff argues that the Ninth Circuit's

12 opinion in Khatchatrian "fails to apply the definition of

13 'accident' articulated by the California Supreme Court [in

14 Geddes]."  Opp. at p. 13.  Plaintiff's argument is without merit.

15     In Khatchatrian, the court specifically cites to Geddes and

16 discusses the California Supreme Court's definition of accident

17 and the reasoning behind it.  Khatchatrian, 332 F.3d at 1228-29.

18 In addition, the Khatchatrian court applies a "Geddes & Smith

19 analysis" explicitly finding that "the opinion in Geddes & Smith

20 itself would support a conclusion that the stroke was not an

21 'accident.'"  Id.

22     Therefore, it is not improper for this Court to rely on the

23 Ninth Circuit's ruling in Khatchatrian, as it not only relies on

24 the California Supreme Court's opinion in Geddes, but conducts a

25 thorough review of how California courts have addressed the issue

26 in the over forty years since Geddes.  Khatchatrian, 332 F.3d at

27 1228-29.  Moreover, the Policy includes its **own** definition of

28 accident, one that is in accord with the interpretations in both

4

1 | <u>Geddes</u> and <u>Khatchatrian</u>.

2 |     Despite the subtle nuances of the term "accident," the

3 | Policy here also requires that the hospitalization be for an

4 | "injury" in order to be covered under its terms.  U.S. Life

5 | argues in its motion that the hospitalization was not due to

6 | "bodily harm or damage due to an accident that is not contributed

7 | to by disease, illness, infection, bodily infirmity or any other

8 | abnormal physical condition."  Therefore, U.S. Life contends

9 | Plaintiff's claim must fail.

10 |     In his Opposition, Plaintiff completely fails to address

11 | this argument.  As currently pleaded, the Complaint does not

12 | address this issue either.  Rather, it relies on allegations that

13 | Plaintiff was hospitalized as the result of an accident, without

14 | discussing the "injury" underlying the hospitalization.  <u>See</u>

15 | Comp. ¶¶ 6, 9.  Therefore, Plaintiff has failed to state a claim

16 | against U.S. Life upon which relief can be granted.  Accordingly,

17 | the Court GRANTS U.S. Life's Motion to Dismiss the breach of

18 | contract claim.  It is clear to the Court that amendment would be

19 | futile; therefore, the Complaint is dismissed with prejudice.

20 | <u>See</u> <u>Sawyer</u>, 2012 WL 353775, at *5; <u>Schar</u>, 242 F. Supp. 2d at 715-

21 | 16.

22 |         2.   <u>Duty of Good Faith and Fair Dealing</u>

23 |     "California law is clear, that without a breach of the

24 | insurance contract, there can be no breach of the implied

25 | covenant of good faith and fair dealing."  <u>Manzarek v. St. Paul</u>

26 | <u>Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1034 (9th Cir. 2008)

27 | (citing <u>Waller</u>, 11 Cal. 4th at 35-36).  Because the Court has

28 | dismissed the claim for breach of contract with prejudice, the

1  claim for breach of the duty of good faith and fair dealing must

2  also be dismissed.   Accordingly, the Court GRANTS U.S. Life's

3  motion as to the second cause of action without leave to amend.

4

5                          III.   ORDER

6       For the reasons set forth above, the Court GRANTS U.S.

7  Life's Motion to Dismiss Plaintiff's Complaint WITH PREJUDICE.

8       IT IS SO ORDERED.

9  Dated: July 11, 2014

10

11                                        _____
                                          JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6